UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

RONALD PILLAY,  Case No.: 6:14-bk-10901-CCJ

       Debtor,
_____/

4 CORNERS INVESTMENT HOLDINGS, LLC,

       Plaintiff,

v.  Adv. Pro. No.: 6:15-ap-00059-CCJ

RONALD PILLAY,

       Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Ronald Pillay, answers the complaint as follows:

1. Defendant admits the allegations contained in paragraphs 2-4, 7, 11, 13-15, 35, 50, and 64 of the complaint.

2. Defendant denies the allegations contained in paragraphs 1, 6, 8, 10, 12, 16-20, 23-29, 31-33, 36-48, 51-62, 65-78, and 80-84 of the complaint and demands strict proof thereof.

3. In response to the allegations contained in paragraph 5 of the complaint, Defendant admits that Plaintiff has standing but denies that such standing is the result of the cited statutes.

4. Defendant is without knowledge sufficient to admit or deny, and therefore denies, the allegations contained in paragraphs 9, 21, and 30 of the complaint and demands strict proof thereof.

5. In response to the allegations contained in paragraph 22 of the complaint, Defendant admits only that the state court action was stayed by the filing of Defendant's Chapter 7 petition, denies all other allegations contained therein, and demands strict proof thereof.

6. In response to the allegations contained in paragraph 34 of the complaint, Defendant restates and incorporates his answers contained in paragraphs 1-5 above and denies that Plaintiff re-alleges the allegations of paragraphs 51-62, 65-78, and 80-84 since those allegations had not yet been made.

7. In response to the allegations contained in paragraph 49 of the complaint, Defendant restates and incorporates his answers contained in paragraphs 1-6 above and denies that Plaintiff realleges its allegations contained in paragraphs 65-78 and 80-84 since those allegations had not yet been made.

8. In response to the allegations contained in paragraph 63 of the complaint, Defendant restates and incorporates his answers contained in paragraphs 1-7 above.

9. In response to the allegations contained in paragraph 79 of the complaint, Defendant restates his answers contained in paragraphs 1-8 above and admits that Count IV is an action pursuant to section 523(a)(2)(B).

10. By way of his first affirmative defense, Defendant pleads assumption of risk based on Florida's doctrine of *caveat emptor* and Plaintiff's failure to properly exercise due diligence prior to closing on its purchase of real property.

11. By way of his second affirmative defense, Defendant pleads contributory negligence based on Florida's doctrine of *caveat emptor* and Plaintiff's failure to properly exercise due diligence prior to closing on its purchase of real property.

12. By way of his third affirmative defense, Defendant pleads failure of consideration inasmuch as he was a mere volunteer who assisted without compensation a seller of real property in connection with a purchase and sale transaction involving Plaintiff.

/s/ Peter N. Hill
Peter N. Hill
Florida Bar No. 368814
Wolff, Hill, McFarlin & Herron, P.A.
1851 W. Colonial Dr.
Orlando, FL 32804
Telephone: (407) 648-0058
Fax: (407) 648-0681
Email: phill@whmh.com

Attorneys for the Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

/s/ Peter N. Hill
Peter N. Hill